IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL ACTION NO. 3:24-CR-00134-KDB-SCR

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | **ORDER** |
| MELVIN BAYLOR, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss the Indictment (Doc. No. 22). In his Motion, Defendant argues that as applied to him, 18 U.S.C. § 922(g)(1) violates the Second Amendment. In the same motion, however, Defendant acknowledges that his as applied argument has been foreclosed by the Fourth Circuit's recent decision in *United States v. Hunt*, 123 F.4th 697 (4th Cir. 2024) (finding 18 U.S.C. § 922(g)(1) constitutional both facially and as applied).[1] Accordingly, the Court will **DENY** the motion.

NOW THEREFORE IT IS ORDERED THAT:

Defendant's Motion to Dismiss the Indictment (Doc. No. 22) is **DENIED.**

**SO ORDERED ADJUDGED AND DECREED**.

Signed: January 15, 2025,

Kenneth D. Bell
United States District Judge

---

[1] Specifically, in *Hunt*, the Circuit reinforced *District of Columbia v. Heller*, 554 U.S. 570 (2008), which made clear that the Second Amendment provides protections to "law-abiding" citizens. 123 F.4th at 705. *Hunt* notes that nothing in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), or *United States v. Rahimi*, 602 U.S. 680, (2024) alters the reading of *Heller. Id.* Further, the Court of Appeals also found that the "historical record contains ample support for the categorical disarmament of people 'who have demonstrated disrespect for legal norms of society.'" *Id.* at 706 (quoting *United States v. Jackson*, 110 F.4th 1120, 1127 (8th Cir. 2024)).